IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. _____ |
| v. ) ) ) | **C O M P L A I N T** |
| BAYWOOD HOME CARE, ) ) | **Jury Trial Demanded** |
| Defendant. ) _____ ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Laurie J. Goodnough ("Goodnough") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Baywood Home Care ("Defendant") discriminated against Goodnough by failing to provide her with a reasonable accommodation for her disability. Instead, Defendant terminated her employment because of her disability in violation of Sections 102(5)(A) and (B) of the ADA, 42 U.S.C. § 12112. The EEOC also alleges that Defendant made unlawful inquiries of job applicants as to whether such applicants are individuals with a disability or as to the nature or severity of such disability in violation of Section 102(d)(2)(A) of the ADA, 42 U.S.C. § 12112.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1).

4. At all relevant times, Defendant Baywood Home Care has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Minneapolis, City of St. Paul and several cities in southern Minnesota.  Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Laurie Goodnough filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant.

8. On September 25, 2013, EEOC determined that there was reasonable cause to believe that Defendant discriminated against Goodnough by failing to accommodate and terminating her and against a class of applicants by making unlawful inquiries as to whether they are individuals with disabilities or as to the nature and severity of such disabilities, all in violation of the ADA.

9. The conciliation efforts required by law have occurred and were unsuccessful.

   (a) On September 25, 2013, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

   (b) On December 11, 2013, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this suit have been fulfilled.

11. On or about November 9, 2011, Defendant engaged in unlawful employment practices at its facilities in Minnesota in violation of Sections 102(5)(A) and (B), 42 U.S.C. § 12112. Defendant provides home health care services to individuals in the Minneapolis and St. Paul metro areas, and southern Minnesota including Albert Lea, Mankato, Fairmont, Blue Earth, Windom, Worthington, St. James, New Ulm, St. Peter, Waseca, New Prague, and Owatonna. Defendant has offices in Minneapolis and Sherburn. Until March 2013, Defendant also had an office in Mankato.

12. Laurie Goodnough has fibromyalgia that substantially limits her in the major life activities of walking and bending. The fibromyalgia also substantially limits Goodnough's musculoskeletal system, which is a major life activity under the ADA in that it is a major bodily function. Goodnough also has osteoarthritis that substantially limits her in the major life activities of walking and bending. Goodnough uses a cane to assist with walking. Goodnough is a qualified individual with a disability within the meaning of Title I of the ADA.

13. Goodnough began employment with Defendant in March 2007 as a home health aide. Goodnough reported to Defendant's Mankato, MN office. She performed her job duties satisfactorily. Since about October 2010 until her termination in November 2011, Goodnough's job duties included solely housekeeping tasks such as washing dishes; cleaning the kitchen countertops, microwave and stove; dusting; sweeping and mopping the kitchen and bathroom floors; vacuuming; and laundry. During this time period, she did not provide personal care to clients.

14. In early November 2011, Defendant's Registered Nurse/Supervisor and Defendant's Community Relations Specialist observed Goodnough walking with a cane. These employees contacted Defendant's Owner and raised concerns about Goodnough using a cane.

15. On or about November 9, 2011, Defendant terminated Goodnough's employment because of her disability. Defendant failed to engage in the interactive process to determine a reasonable accommodation for Goodnough's disability, and failed to provide her with a reasonable accommodation.

16. In addition, Defendant engaged in unlawful employment practices at its facilities in Minnesota in violation of Section 102(d)(2)(A) of the ADA, 42 U.S.C. § 12112. Specifically, Defendant made unlawful inquiries of job applicants as to whether such applicants are individuals with a disability or as to the nature or severity of such disability. Since at least 2007, Defendant's job application asked applicants if they had any physical limitations that might interfere with their ability to work as a home health aide. In addition, Defendant's present job application asks applicants if they are comfortable lifting 40 pounds regularly and walking 2 miles. Such questions require applicants to disclose information that could indicate they have a disability.

17. The effect of the practices complained of in paragraphs 10-14 above, has been to deprive Goodnough of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

18.  The unlawful employment practices complained of in paragraphs 10-14 above, were and are intentional.

19.  The unlawful employment practices complained of in paragraphs 10-14 above, were done with reckless indifference to the federally protected rights of Goodnough.

20.  The effect of the practices complained of in paragraph 15 above, has been to deprive qualified individuals with disabilities of equal employment opportunities and otherwise adversely affect their status as an employee because of their disabilities.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to an employee based on Defendant 's need to make reasonable accommodation to the physical or mental impairments of the employee.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to revising Defendant's application to eliminate questions that inquire whether such applicants are individuals with a disability.

C.  Order Defendant to make whole Goodnough by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 10-14 above.

D.  Order Defendant to make whole Goodnough by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-14 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant to make whole Goodnough by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-14 above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraphs 10-14 above, in amounts to be determined at trial.

F.  Order Defendant to pay Goodnough punitive damages for its malicious and reckless conduct, as described in paragraphs 10-14 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
>
> P. David Lopez
> General Counsel
>
> James Lee
> Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

131 M Street, N.E.
5th Floor
Washington, D.C.  20507


/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
Telephone:  (312) 869-8116
Facsimile:   (312) 869-8124
jean.kamp@eeoc.gov


/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota  55401
Telephone:  (612) 335-4074
Facsimile:   (612) 335-4044
tina.burnside@eeoc.gov