IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | Case No. 0:14-CV-00809 (ADM-SER) |
| | ) ) | |
| v. | ) ) | |
| MINNESOTA LIVING ASSISTANCE, INC. d/b/a BAYWOOD HOME CARE, | ) ) ) | **CONSENT DECREE** |
| Defendant. | ) ) | |

---

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") has filed a

Complaint *EEOC v. Minnesota Living Assistance, Inc. d/b/a Baywood Home Care*, Civil

No. 0:14-cv-00809 (ADM-SER), alleging that Defendant Baywood Home Care

("Defendant") discriminated against Laurie J. Goodnough by failing to provide her with a

reasonable accommodation for her disability.  EEOC alleges that instead, Defendant

terminated her employment because of her disability in violation of Sections 102(5)(A) and

(B) of the ADA, 42 U.S.C. § 12112.  The EEOC also alleges that Defendant made unlawful

inquiries of job applicants as to whether such applicants are individuals with a disability or as

to the nature or severity of such disability in violation of Section 102(d)(2)(A) of the ADA,

42 U.S.C. § 12112.

Defendant has filed an Answer to the Complaint, denying all of the EEOC's

allegations.

In reaching this Consent Decree, the EEOC and Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and Defendant were represented by counsel knowledgeable in this area of the law.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

## I.     JURISDICTION

A.     This Court has jurisdiction over the parties and the subject matter of this action.

B.     This Court shall retain jurisdiction of this action during the duration of this Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief and enforcing compliance with the terms provided herein.

## II.    FINDINGS

A.     The purposes of the ADA and the public interest will be furthered by the entry of this Decree.

B.     The terms of this Decree constitute a fair and equitable settlement of this action.

## III.   SCOPE

The EEOC agrees that it will not bring any further claim against Defendant based on the charge of discrimination filed by Laurie J. Goodnough underlying this lawsuit. By entering into this Decree the parties do not intend to resolve any other charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the Complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

## IV.    DEFINITIONS

As used herein, "Baywood Home Care" shall mean Defendant's business located at 6465 Wayzata Blvd., Suite 150, Minneapolis, MN 55426.

## V.    TERM

The Term of this Decree and all obligations hereunder shall be three (3) years from the Effective Date hereof.  The Effective Date hereof shall be the date that the District Court approves this Consent Decree.

## VI.    INJUNCTION

Baywood Home Care shall not engage in any form of discrimination based on a person's disability.  In addition, Baywood Home Care shall provide a reasonable accommodation to qualified individuals with a disability unless providing such accommodation would result in an undue hardship.  Baywood Home Care shall engage in the interactive process with the disabled individual to determine a reasonable accommodation.

Baywood Home Care shall not make unlawful inquiries of job applicants as to whether such applicants are individuals with a disability or as to the nature or severity of such disability.

Baywood Home Care shall not engage in retaliation against any person because such person has opposed any practice made unlawful under the ADA, made a complaint of disability discrimination, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## VII.   POLICIES AND TRAINING

**A.**      Within sixty (60) days after the Effective Date hereof, Baywood Home Care will review its workplace policies relating to disability discrimination and reasonable accommodation, procedures for employees to request a reasonable accommodation for a disability, procedures for employees to complain of disability discrimination, investigation of discrimination complaints including complaints relating to failure to provide a reasonable accommodation.  Baywood Home Care will also review its recordkeeping obligations and revise any policies inconsistent with the ADA.

**B.**      Within sixty (60) days after the Effective Date hereof, Baywood Home Care will review all of its application forms and revise such application forms to eliminate questions that inquire whether applicants are individuals with a disability, or inquire as to the nature or severity of such disability.

**C.**      On an annual basis for the term of this Consent Decree, Baywood Home Care will train all of its management personnel and employees involved in the hiring

process on the ADA including its prohibitions against disability discrimination, its

obligations to provide a reasonable accommodation, the interactive process and its

prohibition against unlawful medical inquiries.  The training may also include

information about other laws prohibiting discrimination in the workplace and about

Defendant's equal employment opportunity policies.  The training for management

employees and employees involved in the hiring process must be provided by a live, in-

person trainer.  An agenda for the training, training materials, and resumes relating to the

presenter(s) will be provided to the EEOC at least 30 days before each training session.

The EEOC will have the opportunity to comment on the agenda and suggest changes to

the presenters, the agenda and the materials until a week before each training.  Baywood

Home Care will consider, but will not be obligated to accept, any suggestions from the

EEOC.  Any disputes regarding the training that cannot be resolved between the parties

will be addressed pursuant to the dispute resolution procedures outlined in Section XII,

*infra*.  The first annual training shall total no less than one hour.  Each subsequent

training shall total no less than one hour.

      **D.**      On an annual basis, Baywood Home Care will train all of its current non-

management employees on their rights under the ADA and the reasonable

accommodation process.  "Current" as used in this paragraph shall mean employees who

have provided services to Baywood Home Care, as a non-management employee, for at

least four hours during the 30 days preceding the commencement of the training, and is

employed by Baywood at the time of the training.  Such training shall include

Defendant's equal employment opportunity policies and the process for requesting an

accommodation.  The training will also advise employees of their right to file charges of

discrimination with the EEOC or other fair employment practices agencies.  An agenda

for the training, training materials, and resumes relating to the presenter(s), if any, will be

provided to the EEOC at least 30 days before each training session.  The EEOC will have

the opportunity to comment on the agenda and suggest changes to the presenters, the

agenda and the materials until a week before each training.  Baywood Home Care will

consider, but will not be obligated to accept, any suggestions from the EEOC.  Defendant

may use a computer module, video, written materials, or other non-live training

curriculum to complete its training for non-management employees.  Defendant may

choose to train non-management employees during the training for management

employees, so long as the trainer explains how the obligations of management employees

to respond to complaints of discrimination differ from those of non-management

employees.

      **E.**     The EEOC shall be notified of the time and date of each scheduled

management employee training .  The EEOC shall be notified of the date and method of

each scheduled training for non-management employees.

      **F.**     At the beginning of each management employee training session held under

this Decree, Defendant's owner Dorothy Muffett will introduce the presenter(s) and

affirm that Defendant takes its obligations under all EEO laws and prohibitions seriously.

The training for both management and non-management employees will confirm

Defendant's policy of non-retaliation for individuals who engage in protected activity

under federal EEO laws and will identify the name and contact information of

management personnel who are responsible for receiving and responding to workplace complaints.

G.      Baywood Home Care will develop, implement, or revise its performance evaluation criteria for managers, assistant managers, supervisors, human resources personnel and executive level employees to include measures for performance compliance with EEO laws and with its own anti-discrimination and retaliation policies and procedures.  This will specifically include holding managers and supervisors accountable for failing to report, take appropriate action, or engage in the interactive process with respect to disability discrimination complaints and/or request for reasonable accommodation as required under Defendant's policies and procedures, applicable state laws, or the ADA.   Managers and supervisors will be held accountable for the discrimination of any employees by personnel under their supervision.   Managers and supervisors will also be held accountable for any mishandling of complaints or investigations by personnel under their supervision.  While Defendant will include these factors in its employee evaluation process, Defendant will retain full discretion to supervise and discipline its employees as it sees fit.

## VIII.  POSTING TO EMPLOYEES

A.      Baywood Home Care will post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all its facilities, which presently consist of two offices, one in Minneapolis, Minnesota, and one in Sherburn, Minnesota.

B.      Baywood Home Care will post the Notice attached as **Exhibit A** at its all of

its facilities listed in Section VIII, A above.  **Exhibit A** will be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree.  Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## IX.  RECORDKEEPING AND REPORTING

A.      Baywood Home Care will comply with all recordkeeping obligations under the laws prohibiting discrimination.  Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under the ADA.

B.      For the duration of this Decree, Baywood Home Care shall document, and retain all documents associated with any complaint of disability discrimination, whether or not such complaint is found to be meritorious or results in the filing of a charge of discrimination.

C.      For the duration of this Decree, Baywood Home Care shall document, and retain all documents associated with an employee or applicants request for a reasonable accommodation, who the request was made to, the nature of the request, whether Defendant provided the accommodation, and if Defendant did not provide the accommodation, the reason such accommodation was not provided.

D.      On an annual basis during the term of this Decree, Baywood Home Care shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed its workplace policies, revised any policies inconsistent with the ADA, and it has conducted the training of its personnel as required by this Decree.

**E.**     On a annual basis, Baywood Home Care shall provide the EEOC with a list of all complaints of employment discrimination on the basis of disability made by any employee or applicant for employment during that period with a description of the allegation made, including: (1) the name and status of the complaining party (i.e., if an employee, the position held, and if any applicant, the position applied for); (2) a description of the facts of the complaint; and (3) a description of Defendant's actions in response to the complaint.  Upon the EEOC's request, Defendant shall make the underlying documents or records available to the EEOC within ten days of request.  Any medical or disability related information reported to the EEOC under this provision shall remain confidential pursuant to EEOC regulations.

**F.**     On an annual basis, Baywood Home Care shall provide the EEOC with a list of all requests for a reasonable accommodation in employment based on a disability made during that period.  The list will include: (1) the name of the employee or applicant requesting an accommodation; (2) a description of the accommodation requested; (3) whether Defendant provided the accommodation; (4) the name of Defendant's employee who received and/or processed the accommodation request; and (5) if the accommodation was not provided, the reason for Defendant's failure to provide the accommodation.  If Defendant's reason for not providing the accommodation is based on undue hardship, Defendant will explain such undue hardship to the EEOC.  Any medical or disability related information reported to the EEOC under this provision shall remain confidential pursuant to EEOC regulations.

**X.     MONETARY REMEDY**

**A.** Baywood Home Care agrees to pay $30,000.00 to Laurie J. Goodnough in resolution of this matter within thirty (30) days after the Effective Date hereof, and to provide notice of its payment to Goodnough to the EEOC. The payment may be made by Defendant's insurer.

**B.** Goodnough's execution of the release attached as **Exhibit B**, declaration and Medicare form (not attached) will all be conditions precedent of her receipt of relief under this Decree.

**C.** Defendant will provide Goodnough with appropriate income tax documentation within the time limits set by law for providing such documentation. For purposes of this settlement, Defendant will provide Goodnough a W-2 income tax form reflecting the payment in the gross amount of $2,500.00 for Goodnough's back pay losses. Defendant will make all appropriate withholdings and employer tax contributions applicable to the back pay amount. Defendant will provide Goodnough with a 1099 tax form reflecting the payment of $27,500.00 for Goodnough's compensatory damages. Defendant will provide the EEOC with a copy of the checks provided to Goodnough.

## XI. NOTIFICATION OF SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Baywood Home Care. Defendant and any successors of it shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or any successor, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court

regarding violation of this Decree.

## XII.   DISPUTE RESOLUTION

The EEOC will give Baywood Home Care fifteen (15) business days notice of any alleged noncompliance with the terms of the Decree before initiating enforcement actions under this Decree.  If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.  Nothing herein shall be construed as an admission by Defendant that the EEOC is, or will be, entitled to any relief.

## XIII.  COMPLIANCE REVIEW

The EEOC may review Baywood Home Care's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least ten (10) business days in advance of any inspection of Defendant's documents or premises. Upon such notice, Defendant will allow representatives of the EEOC to review its compliance with this Decree by providing the EEOC with relevant, non-privileged documents and records, and making appropriate management employees available for interview.

## XIV.  COSTS AND ATTORNEYS FEES

Each party shall bear that party's own costs and attorney's fees.

**By the Court:**

**IT IS SO ORDERED.**


Dated: October 28, 2014                    s/Ann D. Montgomery
                                           Ann D. Montgomery
                                           United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.


This 28th day of October, 2014.

> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
>
> P. David Lopez
> General Counsel
>
> James L. Lee
> Deputy General Counsel
>
> Gwendolyn Young Reams
> Associate General Counsel
>
> 131 M. Street NE, 5th Floor
> Washington, D.C. 20507
>
>
> s/John C. Hendrickson
> John C. Hendrickson
> Regional Attorney
>
>
> s/ Jean P. Kamp
> Jean P. Kamp
> Associate Regional Attorney
>
> Chicago District Office
> 500 West Madison Street, Suite 2800
> Chicago, IL 60661
> Telephone: (312) 869-8116
> jean.kamp@eeoc.gov
>
>
> s/Tina Burnside
> Tina Burnside (WI #1026965)
> EEOC - Minneapolis Area Office
> 330 Second Avenue South, Suite 720
> Minneapolis, MN  55401
> tina.burnside@eeoc.gov
> Telephone: (612) 335-4074
> Facsimile:   (612) 335-4044

ATTORNEYS FOR PLAINTIFF


BAYWOOD HOME CARE

BY CONSENT:



s/Andrew E. Tanick
Andrew E. Tanick (#178573)
FORD & HARRISON LLP
225 South Sixth Street, Suite 3150
Minneapolis, MN 55402
atanick@fordharrison.com
Telephone: (612) 486-1700
Facsimile: (612) 486-1701

ATTORNEYS FOR DEFENDANT

**[Baywood Home Care Letterhead]**

## EXHIBIT A

## NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC brought suit against Baywood Home Care, alleging that it discriminated against a former employee by failing to provide her with a reasonable accommodation for her disability, and instead terminated her employment because of her disability.  The EEOC's lawsuit also alleged that Baywood Home Care made unlawful inquiries of job applicants as to whether such applicants are individuals with a disability or as to the nature or severity of such disability in violiation of the Americans with Disabilities Act (ADA).

Baywood Home Care denied, and continues to deny, all of the EEOC's allegations.

The Consent Decree resolving this lawsuit provides a monetary settlement to a former employee and requires training for Baywood Home Care personnel on federal laws prohibiting disability discrimination, and mandates regular reporting to the EEOC.  The Consent Decree also requires that Baywood Home Care comply with federal law that prohibits retaliation against employees who engage in conduct protected by the ADA. Specifically, Baywood Home Care will not retaliate against any person who opposes a practice made unlawful under the ADA, who filed a charge of discrimination under the ADA, or who participated in proceedings or asserted rights under the ADA or under the Consent Decree.

If you have a question about the Consent Decree, you should contact the Minneapolis office of the EEOC at 612-335-4040. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.


_____
Dorothy Muffett
Owner
Baywood Home Care

**EXHIBIT B**

**RELEASE AND WAIVER**

In consideration for $_____ paid by Baywood Home Care in connection with the resolution of *EEOC v. Baywood Home Care*, Civil No. 0:14-cv-00809 (ADM-SER), I waive the right to recover for any claims of discrimination under the Americans with Disabilities Act (ADA) that were the subject of this EEOC lawsuit.

Date: _____      Signature: _____
                            Laurie J. Goodnough